No. 6805.

# MEDERIC E. ROGER v. MILLIKEN & FARWELL ET AL.

## Syllabus.

The very fact of converting to one's use, and refusing to account for, the proceeds of property belonging to another, or on which he has a lien, is a *quasi* offense, out of which arises a personal liability in favor of the party injured, to the extent of the value of the property so converted.

Appeal from the Civil District Court, Parish of Orleans, No. 114,859, Division "A"; Honorable T. C. W. Ellis, Judge. Reversed and remanded.

Guion, Lambremont & Hebert, for plaintiff and appellant.

Grant & Grant, for defendant and appellee.

P. H. Gilbert, attorney.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff, by petition and supplemental petition, avers that S. E. Rogers is indebted to him in the sum of $1,278.84, for which he has already obtained judgment against said S. E. Rogers, which judgment, however, he cannot execute because said S. E. Rogers has no other property than that hereinafter mentioned.

He further avers that said sum is due him for services rendered said S. E. Rogers, as overseer, and that for his said claim he has a lien and privilege upon the crop of sugar produced by said S. E. Rogers, or its proceeds.

He further avers that said crop of sugar was shipped by said S. E. Rogers, to Milliken & Farwell, and sold by

the latter, who have "retained and appropriated" the proceeds thereof to their own use, and now refuse to pay petitioner the amount of his claim.

Wherefore, he prays judgment against said Milliken & Farwell, recognizing his privilege upon the proceeds aforesaid, and condemning them to pay him the amount of his claim as aforesaid.

And to these proceedings said S. E. Rogers was made a party.

Defendants, Milliken & Farwell, filed an exception of no cause of action, which was maintained by the Court below, and from that judgment plaintiff appeals.

The proceeding here attempted is one which seems authorized by Act 64 of 1876, and such proceedings, whatever be their form, are in the nature of proceedings *in rem.* *Rothschild v. Perkins*, 8 *Ct. of Appeal*, 369.

The defendant, therefore, cannot be liable beyond the amount of the proceeds in their hands, not already paid out by order of said S. E. Rogers, and not subject to some lien superior to that of plaintiff.

In that sense, therefore, defendants are not personally liable for the amount of plaintiff's claim.

But on the other hand, to the extent of the proceeds still remaining in their hands, and not subject to any superior lien, they are undoubtedly personally liable. For the very fact of converting to their own use, and refusing to account for, the proceeds of property belonging to another, or on which he has a lien, is a *quasi* **offense,** out of which arises a personal liability in favor of the party injured, to the extent of the value of the property so converted. *Hewett v. Williams*, 48 *An.*, 686, 689.

It is contended that the contrary was held in *Union Seed Co. v. Planting Co.*, 139 *La.*, 71 *Southern Rep*, 949. But

we do not so understand that case. Nothing more was there decided than that no personal liability was incurred to anyone by the mere receipt of money in payment of a debt, although that money might have been the proceeds of property on which another has a lien; and again no personal liability arose from the selling and paying over of the proceeds of property, under direction of the owner thereof, even though the same might be subject to a lien in favor of another, the whole being done in good faith.

In other words, the Court held in that case that defendants were not personally liable to the plaintiff, because at the time the suit was brought neither defendant had in his hands the "proceeds" of any property on which plaintiff had a lien. And therefore the Court proceeded to distinguish between those cases in which a defendant still held the property or its proceeds, and those in which such defendant had parted with such proceeds in good faith.

We are of opinion that the exception of no cause of action is not well founded.

It is therefore ordered, that the judgment appealed from be reversed, that the exception of no cause of action be overruled, and that this case be remanded to the Court a qua for further proceedings according to law; costs of this appeal to be borne by defendants.

Opinion and decree, December 4th, 1916.